UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>ENER1 INC.,<br><br>Debtor. | Chapter 11 Bankruptcy<br><br>Case No.: 23-02997-RLM-7 |

**AFCO CREDIT CORPORATION'S
<u>MOTION FOR RELIEF FROM STAY AND TO ABANDON PROPERTY WITH
NOTICE OF OBJECTION DEADLINE AND REFUSAL TO WAIVE 30-DAY
DEADLINE FOR FINAL HEARING</u>**

Secured creditor, AFCO Credit Corporation ("<u>AFCO</u>"), by and through its undersigned counsel, hereby respectfully moves (this "<u>Motion</u>") for entry of an order granting AFCO relief pursuant to section 362(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") as of July 13, 2023 (the "<u>Petition Date</u>"), to permit AFCO pursue its remedies under the Finance Agreement (as defined herein), including to cancel that certain insurance policy as of the Petition Date whose unearned insurance premiums (the "<u>Unearned Premiums</u>") secure a loan that AFCO made to Ener1, Inc. (the "<u>Debtor</u>") and Enerdel, Inc.[1] ("<u>Affiliate</u>") for payment of that insurance policy. AFCO is not adequately protected and Debtor and Affiliate lack equity in the Unearned Premiums. Accordingly, relief from the automatic stay and abandonment of the Unearned Premiums is appropriate. In support of this Motion, AFCO states as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (G).

---

[1] Affiliate is a debtor in its own Chapter 7 Bankruptcy Case pending before this Court at Case No. 23-02996. Concurrently with this Motion, AFCO is seeking stay relief as to Affiliate.

2. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## II. BACKGROUND

3. On the Petition Date, the Debtor commenced a voluntary case under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of Indiana as Case No. 23-02997 (this "Bankruptcy Case").

4. This Bankruptcy Case was dismissed on July 31, 2023 [Doc. No. 10], and subsequently reinstated on August 2, 2023, and a Chapter 7 Trustee (the "Trustee") reappointed [Doc. No. 13].

5. Prior to the Petition Date, Debtor executed that (a) certain Commercial Premium Finance Agreement, dated April 14, 2023 (the "Finance Agreement") with AFCO Premium Credit LLC for its (a) International Package, (b) Workers Compensation Cargo, (c) Automobile Pollution Legal Liability, (d) Environmental Protection Liability (the "Financed Policies").  Pursuant to the terms of the agreement, the Finance Agreement was assigned and transferred to AFCO.  A True and correct copy of the Finance Agreement is attached hereto as **Exhibit A**, and fully incorporated herein by reference.

6. Under the Finance Agreement, AFCO funded a loan in the total amount of $379,275.30 to pay the insurance premiums for the following Financed Policies: (a) WS11008476 with Insurance Company of the State of Pennsylvania, (b) 4087448838 with United State Fire Insurance Company, (c) MKLM50MC0002302 with Markel American Insurance Company, (d) 1337543262 with United State Fire Insurance Company, (e) IEPUW0014768900 with Ironshore Specialty Insurance Company, and (f) XSCUW0014769000 with Ironshore Specialty Insurance Company, paid to the insurers on behalf of the Debtor.

7.	Pursuant to the Finance Agreement, Debtor was required to make an initial down payment in the amount of $66,931.00 and, thereafter, ten (10) monthly payments in the amount of $39,331.00 to AFCO, commencing May 1, 2023 and with a final payment on February 1, 2024.

8.	The Finance Agreement is governed by the laws of the State of Indiana.  Under the terms of the Finance Agreement and applicable state law, Debtor granted AFCO a security interest in any and all Unearned Premiums that may become payable under the Financed Policies to secure the obligations of Debtor to AFCO under the Finance Agreement.  Additionally, Debtor irrevocably appointed AFCO as Attorney-in-Fact for Debtor with full authority to effect cancellation of the Financed Polices.  Further, AFCO has the right to cancel the Financed Policies to obtain all of the Unearned Premiums under the Financed Policies, to retain the sums due to AFCO, and to the return any excess to Debtor.

9.	Prior to the Petition Date, in relation to the Finance Agreement, the Debtor paid the down payment and the monthly payments for May 2023 and June 2023. In addition, the Debtor failed to make the July 2023 payment in the amount of $39,331.00 and, post-petition, the August 2023 payment in the amount of $39,331.00.

10.	As of the filing of this Motion, in relation to the Finance Agreement, neither the Debtor nor the Trustee has made the July 2023 or August 2023 payments.

11.	The amount due and owing to AFCO under the Finance Agreement is $315,4439.62.  A true and correct copy of the amounts due and owing is attached hereto **as Exhibit B**.

12.	As of the Petition Date, the balance of the Unearned Premiums is less than the amount due and owing to AFCO.  Accordingly, AFCO is undersecured in the Unearned Premiums,

which amount will only further decrease as funds are applied to the premiums of the Financed Policies as they become due.

13. Debtor's failure to observe their obligations under the Finance Agreement necessitate the relief sought herein. Moreover, upon information and belief based upon inquiry with the Debtor, Trustee and Affiliate, Debtor and Affiliate are no longer operating, no longer have employees, and will not be making payments to bring the Finance Agreement current or make the payments going forward.

### III.   RELIEF REQUESTED

14. For the reasons set forth below, AFCO respectfully moves this Court for entry of an order terminating the automatic stay as to the Finance Agreement and abandoning the Unearned Premiums, for the purpose of permitting AFCO to (i) cancel the Financed Policies under the Finance Agreement effective as of the Petition Date; and (ii) collect the total balance of the Unearned Premiums and apply such Unearned Premiums to the outstanding indebtedness owed under its Finance Agreement with Debtor. Prior to filing this Motion, AFCO has discussed this Motion with the Trustee and the Debtor's counsel and understands that the Trustee and Debtor may consent to the relief sought herein.

### IV.   BASIS FOR RELIEF FROM THE STAY

    **A.   AFCO is Entitled to Adequate Protection For Its Security Interest In the Unearned Premiums.**

15. AFCO is a secured creditor with a first priority security interest in the Unearned Premiums, which it perfected upon entering into the Finance Agreement and funding the Financed Policies. See Burns Ind. Code Ann. § 26-1-9.1-109 (Art. 9 of the Uniform Commercial Code, as adopted in Indiana, excludes a transfer of an interest in or an assignment of a claim under a policy of insurance). Moreover, Courts uniformly have held that a creditor such as AFCO need not file

a UCC financing statement to perfect its security interest in unearned premiums; rather, a security interest in unearned premiums attaches and is perfected upon the execution of the security agreement or the funding of the policy. *See, e.g., In re Alabama Aircraft Indus., Inc.*, No. 11-10452(PJW), 2013 WL 6332688, at *3 (Bankr. D. Del. Dec. 5, 2013) (discussing "secured status" of premium finance company); *Am. Bank, FSB v. Cornerstone Community Bank*, 903 F. Supp. 568, 575 (E.D. Tenn. 2012) ("Nonetheless, the vast majority of courts which have addressed whether the insurance exclusion provision of Article 9 applies to transactions in the premium finance insurance company context have found the insurance exclusion provision prohibits the application of Article 9 to any transaction stemming from a premium financing company insurance transaction or any transaction involving collateral consisting of unearned insurance premiums within that context."); *In re Barton Indus.*, 104 F.3d 1241, 1246 (10th Cir. 1997) ("Article 9 of the [UCC] does not directly apply in this case because the security interests were 'in or under [a] policy of insurance' . . . [w]here the [UCC] is inapplicable, security interest disputes may be resolved by reference to [ ] existing statutes and pre-code case law"); *In re Expressco, Inc.*, 99 B.R. 395, 396 (Bankr. M.D. Tenn. 1989) (noting the exclusion "expressly excludes transactions related to insurance from the operation of Article 9" and "applies to insurance premium financing agreements"); *see also In re JII Liquidating, Inc.*, 344 B.R. 875, 882-884 (Bankr. N.D. Ill. 2006) (stating that cases have uniformly held that Article 9 of the UCC does not apply to a security interest in unearned insurance premiums); *In re Teligent Inc.*, 377 B.R. 39, 44 (Bankr. S.D.N.Y. 2005) (same applying New York and Virginia law).

      **B.**    **AFCO's Interest In The Unearned Premiums Is Not Adequately Protected.**

    16.    Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such property in interest[.]" 11 U.S.C. § 362(d)(1). Where adequate protection is lacking, the court

**shall** grant relief from the automatic stay.  *See* 11 U.S.C. § 362(d); *In re Phoenix Steel Corp.*, 39 B.R. 218, 234 (D. Del. 1984) (granting relief from automatic stay where there was "no equity cushion or offer of substitute collateral in sufficient amount").

17. The Debtor has the burden of proving the absence of "cause" for relief from the automatic stay. *See In re Aardvark, Inc.*, 1997 WL 129346, at *4 (D. Del. Mar. 4, 1997) (quoting *In re Phoenix Pipe & Tube, L.P.*, 154 B.R. 197, 198 (Bankr. E.D. Pa. 1993)); *In re White*, 2004 WL 825847, at *2 (Bankr. D. Colo. Mar. 12, 2004); 11 U.S.C. § 362(g). Here, the Debtor cannot meet its burden of proving the absence of "cause" because AFCO's interest in the Unearned Premiums is not adequately protected due to Debtor's post-petition payment defaults. *See JII Liquidating*, 344 B.R. at 890 (terminating the automatic stay because the creditor "has not received any adequate protection for its security interest in the unearned premiums.").

18. AFCO further lacks adequate protection for its security interest in the Unearned Premiums under Section 362(d)(1) because the Unearned Premiums do not fully secure the amounts due to AFCO. Specifically, AFCO was only partially secured by the Unearned Premiums as of the Petition Date as, on information and belief, the balance of the Unearned Premiums was $240,972.11—significantly less than the balance due and owing to AFCO—which balance only decreases on a daily bases as funds are applied by the insurer to the premium of the Financed Policy as they become due. Accordingly, AFCO is undersecured and will only become further undersecured with the passage of time. For this reason alone, good cause exists to terminate the automatic stay as to the Finance Agreement.

19. The failure to grant the requested relief will cause unnecessary cost (or loss of collateral) to AFCO, thereby increasing AFCO's claim (including administrative expenses) in the Debtor's estate.

V.  **WAIVER OF BANKRUPTCY RULE 4001(a)(3)**

20. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

21. Because the value of AFCO's collateral is decreasing every day, AFCO would be prejudiced by a delay in the effectiveness of an order granting stay relief. Accordingly, AFCO submits compelling circumstances exist under Local Rule 4001-1(c)(3) and respectfully requests that this Court grant such relief effective immediately.

22. Additionally, AFCO does not waive the right under 11 U.S.C. § 362(3) to a hearing on this motion within thirty (30) days of the date it is filed.

VI.  **RESERVATION OF RIGHTS**

23. AFCO hereby reserves the right to file such other and further motions or requests for relief as may be appropriate does not waive and hereby expressly preserves all other rights, remedies, and arguments afforded to AFCO by the Bankruptcy Code, the Local Rules, the Bankruptcy Rules, and any applicable state and Federal statutes.

**CONCLUSION**

**WHEREFORE,** AFCO respectfully requests that the Court enter the proposed order attached hereto as **Exhibit C**: (i) granting the Motion; (ii) terminating the automatic stay and abandoning the Unearned Premiums effective as of the Petition Date of July 13, 2023, to allow AFCO to exercise its rights and remedies under applicable non-bankruptcy law in connection with the Finance Agreement and the Financed Policies, including cancelling the Financed Policies under the Finance Agreement as of the Petition Date, recovering the full balance of the Unearned Premiums as of the Petition Date, and applying the Unearned Premiums to the indebtedness owed under the Finance Agreement; (iii) waiving the fourteen-day waiting period described in

Bankruptcy Rule 4001(a)(3); (iv) waiving all notice and waiting periods under the Finance Agreement and other applicable law; and (v) granting such additional relief to AFCO as is appropriate.

Dated: August 9, 2023

Respectfully submitted,

By: */s/ Weston E. Overturf*
*Weston E. Overturf*
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
Phone: (317) 777-7443
wes@kgrlaw.com

*Attorney for AFCO Credit Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Deborah J. Caruso**   trusteecaruso@rubin-levin.net, DJC@trustesolutions.net;cdjc11@trustesolutions.net
- **Jeffrey A Hokanson**   jeff.hokanson@icemiller.com, bgnotices@icemiller.com,david.young@icemiller.com
- **Alexandria Lundberg**   alexandria.lundberg@icemiller.com, susan.cogdill@icemiller.com
- **Weston Erick Overturf**   woverturf@kgrlaw.com, dgastenveld@kgrlaw.com
- **U.S. Trustee**   ustpregion10.in.ecf@usdoj.gov

I further certify that on the 9th day of August, 2023, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the parties listed in the Service List (Matrix) attached hereto as **Exhibit D**.

/s/  *Weston E. Overturf*
Weston E. Overturf