# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>ENER1, INC.,<br><br>       Debtor. | Chapter 7<br><br>Case No. 23-02997-RLM-7 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS BY BZINFIN WITH RESPECT TO DISPUTE OF BZINFIN'S INTEREST IN PROPERTY BEING SOLD PURSUANT TO TRUSTEE'S MOTION TO SELL PROPERTY FREE AND CLEAR OF ANY INTEREST BY PUBLIC AUCTION WITH NO PREVIOUSLY IDENTIFIED INITIAL BIDDER AND REQUEST FOR ADEQUATE PROTECTION**

Bzinfin S.A. ("***Bzinfin***"), in its capacity as successor administrative agent and collateral agent to Wilmington Trust, National Association ("***Wilmington Trust***"), hereby objects and reserves its rights with respect to the dispute of its interests in the assets of the above-captioned debtor, Ener1, Inc. (the "***Debtor***") pursuant to the *Trustee's Motion to Sell Property Free and Clear of Any Interest by Public Auction with No Previously Identified Initial Bidder* [Docket No. 50] (the "***Motion***") and respectfully states as follows:

## I. BACKGROUND

On August 9, 2023, Bzinfin filed a Proof of Claim (the "***Claim***") in the above-captioned case (Claim No. 2) asserting a claim in the amount of $70,350,362.00 secured by a lien on all or substantially all of the Debtor's assets, perfected pursuant to a U.C.C. Financing Statement (Filing No. 2022 03798759) filed with the Secretary of State of the State of Delaware on December 2, 2022 (the "***Financing Statement***"). A copy of the Claim is attached hereto as **Exhibit A**, and a copy of the Financing Statement is attached hereto as **Exhibit B**. In support of its Claim, Bzinfin attached copies of the following: (i) that certain Loan Agreement dated as of March 30, 2012 (the "***Loan Agreement***") by and among the Debtor, as borrower, certain subsidiaries of the Debtor, as guarantors, including

EnerDel, Inc. ("**EnerDel**"), and the lenders party thereto from time to time, (ii) that certain Collateral Agreement dated as of March 30, 2012 by and among the Debtor and EnerDel, among others, as grantors, and Wilmington Trust as collateral agent for the Secured Lenders under the Loan Agreement, and (iii) that certain Promissory Note dated March 2, 2023 by and between ALF Consulting SA and the Debtor, as borrower under the Loan Agreement.

## II. LIMITED OBJECTION

Bzinfin has no desire to interfere with the Debtor's sale process. However, in its Motion, the Trustee has disputed any lien, encumbrance, claim, or interest held by Bzinfin in the Debtor's Personal Property and Intellectual Property (as more fully described in the Motion), asserts that there may be a basis for recharacterizing the loan, and has claimed that Bzinfin's interests are therefore "in bona fide dispute." *See* Mot. ¶ 56.  Bzinfin disputes these claims and particularly the Trustee's assertion that a lender should be deemed an "insider" because it holds observer status with respect to the borrower's board and because it chose to forbear from exercising default remedies.   That being said, these issues are not properly before the Court at this time.  The Trustee is required to raise any such dispute in an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), or at the very least a claim objection pursuant to Bankruptcy Rule 3007.

The Trustee also claims that Bzinfin inflated the amount it is owed under the Loan Agreement and failed to provide evidence of the amounts of principal and interest accrued under the Loan Agreement. The Proof of Claim attaches a statement itemizing the interest included in the claim as of the petition date, as required by Bankruptcy Rule 3001(c)(2)(A).  The supporting documentation to the Loan Agreement is voluminous but, as explained in the proof of claim, will be provided to the Trustee upon reasonable request. The Motion is not a procedurally proper objection of Bzinfin's claims and liens, and the allegations have no relevance to the Motion, which Bzinfin otherwise supports.

## III. RESERVATION OF RIGHTS

Bzinfin hereby reserves all of its rights with respect to the enforcement of its liens encumbering the property of the Debtor that is subject to sale, as well as to the amount and characterization of its claim.

### IV. REQUEST FOR ADEQUATE PROTECTION

For the avoidance of doubt, Bzinfin is entitled to the adequate protection of its interests in the Debtor's assets proposed by the Trustee in the form of an order providing that such interests shall attach to the sale proceeds, and Bzinfin respectfully requests that the Court grant such adequate protection in connection with any order approving the proposed sale. 11 U.S.C. § 363(e).

Dated: October 17, 2023

Respectfully submitted,

BZINFIN, S.A

By: */s/ Phillip W. Nelson*
One of Its Attorneys

Phillip W. Nelson
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Phone: 312-578-6584
Email: phillip.nelson@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, a copy of the foregoing *Limited Objection and Reservation of Rights by Bzinfin to Dispute of Bzinfin's Interest in Property Being Sole Pursuant to Trustee's Motion to Sell Property Free and Clear of Any Interest by Public Auction with no Previously Identified Initial Bidder and Request for Adequate Protection* was filed electronically with the Court. Service of this filing will be made on all ECF-registered counsel by operation of the U.S. Bankruptcy Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Phillip W. Nelson