SO ORDERED: October 20, 2023.



_____
**Robyn L. Moberly
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ENER1, INC. | Case No. 23-02997-RLM-7 |
| Debtor. | |

**ORDER GRANTING TRUSTEE'S MOTION
TO SELL PROPERTY FREE AND CLEAR OF ANY INTEREST
BY PUBLIC AUCTION WITH NO PREVIOUSLY IDENTIFIED INITIAL BIDDER**

This matter is before the Court on the *Trustee's Motion to Sell Property Free and Clear of Any Interest by Public Auction with No Previously Identified Initial Bidder* (the "Motion")[1] [Doc 50], filed by the Trustee requesting entry of an order, pursuant to sections 105 and 363, Bankruptcy Rule 6004 and S.D.Ind. B-6004-3, authorizing the sale of the Ener1 Intellectual Property, free and clear of all liens, encumbrances, claims and interests, at an auction sale with no previously identified initial bidder. On October 17, 2023, Bzinfin filed its *Limited Objection*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Motion.

*and Reservation of Rights by Bzinfin with Respect to Dispute of Bzinfin's Interest in Property Being Sold Pursuant to Trustee's Motion to Sell Property Free and Clear of Any Interest by Public Auction with No Previously Identified Initial Bidder and Request for Adequate Protection* (the "Bzinfin Limited Objection") [Doc 62]. On October 19, 2023, AFCO Credit Corporation ("AFCO") filed its *Reservation of Rights to Trustee's Motion to Sell Property Free and Clear of Any Interest by Public Auction with No Previously Identified Initial Bidder* (the "AFCO Reservation of Rights") [Doc 63]. No other objections or reservations of rights to the Motion were filed.

The Court, having considered the Motion, the Bzinfin Limited Objection and the AFCO Reservation of Rights, and conducting a hearing on October 19, 2023, and it appearing that the relief requested therein is in the best interest of the Debtor's bankruptcy estate and being otherwise duly advised in the premises, determines that the Motion should be, and hereby is, GRANTED. Accordingly,

IT IS THEREFORE ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. On the Petition Date, the Debtor was the owner of the Ener1 Intellectual Property, and therefore, such assets are property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

3. The Trustee has provided adequate and sufficient notice of the Motion and the related objection notice to the following parties: (a) the United States Trustee; (b) the Debtor's counsel; (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002 in this case and in the EnerDel case; (d) all creditors who have filed proofs of claim in this case and the EnerDel case as of the date of the filing of the Motion; and (e) all parties reasonably known to

have an interest or an alleged interest in the assets the Trustee and/or the EnerDel Trustee seek to sell, including the Notice Parties. In addition, as required by Bankruptcy Rule 6004(c), the Trustee has provided adequate and sufficient notice of the Motion by serving the Motion and the related order shortening notice on the Motion on the Notice Parties in accordance with the manner of service provided for service of a summons and complaint pursuant to Bankruptcy Rule 7004. Accordingly, a reasonable opportunity to object to the Motion and the relief requested therein has been afforded to all known interested persons and entities and, with the exception of the Bzinfin Limited Objection and the AFCO Limited Objection, no objections to the Motion were filed.

4.  The sale of the Ener1 Intellectual Property constitutes a sale of property of the Debtor's bankruptcy estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code. The sale of the Ener1 Intellectual Property is in the best interest of the creditors of the Debtor's bankruptcy estate.

5.  The Trustee has demonstrated good, sufficient, and sound business purposes and justification for the sale of the Ener1 Intellectual Property pursuant to the terms more specifically set forth in the Trustee's Engagement Agreement with the Auctioneer attached to the Motion as **Exhibit B**.

6.  The auction sale of Ener1 Intellectual Property as contemplated by the Motion is hereby approved. The Trustee is authorized to sell the Ener1 Intellectual Property outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code by means of an online public on the terms more specifically set forth in the Trustee's Engagement Agreement with the Auctioneer.

7. The sale of the Ener1 Intellectual Property shall be "AS IS, WHERE IS, WITH ALL FAULTS," and no representations or warranties of any kind are made by the Trustee.

8. The Trustee is authorized to execute any documentation necessary to effectuate the sale of the Ener1 Intellectual Property.

9. The sale of the Ener1 Intellectual Property shall be free and clear of all liens, encumbrances, claims and interests pursuant to section 363(f) of the Bankruptcy Code, including but not limited to any interest held by Bzinfin, with all such valid liens, encumbrances, claims and interests attaching to the sale proceeds in the same order, priority, and validity that presently exists, subject to all claims of the Trustee and the Ener1 Trustee.

10. The Trustee has demonstrated that the sale of the Ener1 Intellectual Property free and clear of any interest held by Bzinfin is permitted pursuant to section 363(f)(4) of the Bankruptcy Code because such alleged interest is subject to an objective bona fide dispute. Further, pursuant to the Bzinfin Limited Objection, Bzinfin has consented to the sale of the Ener1 Intellectual Property as proposed by the Trustee in the Motion, and therefore, pursuant to section 363(f)(2) of the Bankruptcy Code, the Trustee is permitted to sell the Ener1 Intellectual Property free and clear of any interest held by Bzinfin. Any confirmed valid lien, encumbrance, claim, or interest held by Bzinfin shall attach to the proceeds from the sale of the Ener1 Intellectual Property. The Court makes no determination with respect to the validity or priority of any lien on the Ener1 Intellectual Property held by Bzinfin. All parties, including but not limited to the Trustee, the EnerDel Trustee, and Bzinfin, shall retain all rights with respect to the determination of the validity and/or priority of any such lien.

11. IMFS, Madison County Treasurer, IDOR, the Landlord, Odyne and Komatsu (collectively, the "Other Interested Parties") were named in the Motion with respect to any

interest they may have in the Personal Property and EnerDel Intellectual Property that are property of the EnerDel bankruptcy estate and are being sold together with the Ener1 Intellectual Property. As the Other Interested Parties have no interest in the Ener1 Intellectual Property and have not filed anything with the Court to the contrary, any proceeds from the sale of the Ener1 Intellectual Property shall not be subject to any potential liens, encumbrances, claims and/or interests held by the Other Interested Parties in the Personal Property and/or EnerDel Intellectual Property.

12. The AFCO Reservation of Rights relates solely to the sale of the Personal Property and the EnerDel bankruptcy case, and therefore, is not relevant in connection with the sale of the Ener1 Intellectual Property. Accordingly, the Trustee does not have any obligation to provide AFCO with immediate and real-time notice of the sale closing for the Ener1 Intellectual Property and AFCO shall not have any right to claim payment of its previously allowed super priority administrative expense against EnerDel from the proceeds of the sale of the Ener1 Intellectual Property.

13. The Trustee is authorized to disburse from the sale proceeds of the Ener1 Intellectual Property, first to pay the Debtor's estate's proportionate share of the costs and expenses of the auction sale as determined by the Trustee and EnerDel Trustee, including the buyer's premiums, fees and expense reimbursements owed to the Auctioneer, which shall remain subject to final Court approval. The Trustee shall retain the excess proceeds from the auction until further order of the Court.

14. This Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Order. Moreover, the Court will retain jurisdiction to amend this Order or

enter supplemental orders which may be required to effectuate the transaction contemplated herein or in the Motion.

15. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the Debtor's bankruptcy estate, its creditors, and its respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which any trustee(s) such terms and provisions likewise shall be binding.

16. Within fourteen (14) days of the completion of the sale of the online auction of the Ener1 Intellectual Property, the Trustee shall file a report of sale with the Court and serve the report as required by S.D.Ind. B-6004-1.

17. Pursuant to Bankruptcy Rule 6004(h), the Court hereby expressly finds and concludes that there is no just cause for delay in the implementation of this Order.  This Order shall therefore not be stayed for fourteen (14) days after its entry.  Notwithstanding any provision of the Bankruptcy Code or the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry, and any stay thereof, including without limitation Bankruptcy Rule 6004(h), is hereby abrogated.

18. The provisions of this Order are non-severable and mutually dependent.

19. This Order shall constitute a final judgment and order pursuant to 28 U.S.C. § 158(a).

###